# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FIREFOX FARM LLC and CHRISTOPHER J. SOMMA, <br><br> Plaintiff, <br><br> v. <br><br> SHAWN WALKER and JULIE MEADER, <br><br> Defendants, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 1:25-cv-12176 |

## PLAINTIFFS' MOTION FOR LEAVE TO EFFECT ALTERNATIVE SERVICE

Plaintiffs, FireFox Farm LLC ("FireFox Farm") and Christopher J. Somma ("Mr. Somma") (together "Plaintiffs"), by and through their attorneys, Somma Law PLLC and files this Motion for Leave to Effect Alternative Service against Shawn Walker ("Ms. Walker") and Julie Meader ("Ms. Meader") (together "Defendants") and in support thereof state as follows:

1. This is a case about two vindictive women who devised a scheme to sabotage a horse show at FireFox Farm. Ms. Walker originally boarded a horse at FireFox Farm. On May 18, 2025, Ms. Walker and her trusty sidekick Ms. Meader moved Ms. Walker's horse from FireFox Farm to Around the Bend Farm. Due to actionable conduct by Ms. Meader, FireFox Farm banned her from the property which Ms. Meader herself acknowledged via Facebook messenger. Despite this on Saturday, August 2, 2025, Defendants arrived at the property. Mr. Somma met them both at the entrance of the farm and demanded that they not enter the farm. Not only did they both walk past Mr. Somma, they argued with him over their right to be at the farm. Mr. Somma continued to demand that they leave, that police were being called and that they both were criminally trespassing on the property.

2.      Both women continued to walk down the aisle ignoring the demands to leave the property and approached a horse named Kyara owned by FireFox Farm. Ms. Walker extended her hand inside the stall and touched Kyara. All of this was captured on video. Out of the concern for the safety of the horse and because of the belligerence exhibited Defendants to concede to the demands to vacate the property, Mr. Somma attempted to physically remove Ms. Walker from both the horse and the property with an open palm that was visible recorded on video. Ms. Walker planted her feet and Ms. Meader accused Mr. Somma of assault. Finally, both women left the property but not without Ms. Walker sticking her middle finger up at Mr. Somma and Ms. Meader stating "I think we've got enough Shawn, he put his hands on you. Defendants conspired to both disrupt the horse show, commit criminal trespass, trespass to the horse and force Mr. Somma and FireFox Farm to protect its property, the show, its patrons and its horses by physical ejectment As if this were not enough, Ms. Walker then attempted to press charges against Mr. Somma for an alleged assault which was nothing more than an abuse of process and part of her vindictive scheme.

3.      In response, this lawsuit was initiated in this Court on August 4, 2025. *See* Declaration of Christopher J. Somma. The Summons was issued by the Court on August 4, 2025. *Id.* On August 14, 2025 the Summons and Complaint was emailed to All State Constables, Inc. *Id.* It was sent out for service that day. *Id.* On August 24, 2025 All State Constables, Inc. emailed Counsel stating that they have made "several attempts in so far without success. We posted a note/card to contact us and have not heard back." *Id.*

4.      On September 4, 2025 Counsel mailed Defendant Shawn Walker a letter captioned "DUTY TO AVOID UNCESSARY EXPENSES OF SERVING A SUMMONS" pursuant to Rule 4 of the Federal Rules of Civil Procedure. *Id.* A copy of this letter and Waiver

of Service and the Complaint is attached to the Declaration of Christopher J. Somma. Ms. Walker's address is 1 Willard Circle, Andover, Massachusetts 01810. *Id.*

5.   On September 4, 2025 Counsel also mailed Defendant Julie Meader a letter captioned "DUTY TO AVOID UNCESSARY EXPENSES OF SERVING A SUMMONS" pursuant to Rule 4 of the Federal Rules of Civil Procedure. *Id.* A copy of this letter and Waiver of Service and the Complaint is attached to the Declaration of Christopher J. Somma. Ms. Meader's address is 140 Lincoln Road, Apartment 312, Lincoln, Massachusetts 01773. *Id.*

6.   Neither Defendant responded to these requests. All State Constables, Inc., still has not been able to effect service on Defendants. Both Defendants reside at the addresses identified in the Complaint and on the letters themselves. Finally, no mail has been returned. It is readily apparent that both Defendants are absconding from service. Without Court intervention, they will continue to do so thereby delaying this case, increasing costs and causing prejudice to Plaintiffs.

7.   Accordingly, Plaintiffs are requesting that the Court allow for alternative service via abode – leaving a copy of the Complaint and Summons at the residence of each Defendant – which is allowed in Massachusetts State Courts and in accordance with Rule 4 of the Federal Rules of Civil Procedure.

8.   An individual "may be served in a judicial district of the United States by ... following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1); *see also Blair v. City of Worcester,* 522 F.3d 105, 110 (1st Cir. 2008) ("This action was brought in a federal district court located in Massachusetts, and service was attempted in Massachusetts;

therefore, the plaintiffs were also permitted to serve the defendants in accordance with Massachusetts state law.").

9. The Commonwealth of Massachusetts allows for service of process via abode service. *See* Mass. R. Civ. P. 4. Under Massachusetts state law, in certain limited circumstances, service by a court order of notice is a valid method of service:

> If the person authorized to serve process makes return that after diligent search he can find neither the defendant, nor defendant's last and usual abode, nor any agent upon whom service may be made in compliance with this subsection, the court may on application of the plaintiff issue an order of notice in the manner and form prescribed by law.

Mass. R. Civ. P. 4(d)(1); *see also Rua v. Glodis,* No. 10-40251-FDS, 2011 WL 5076319, at *1 (D. Mass. Oct. 24, 2011)("Massachusetts rules allow service by a court order of notice, but such orders may be granted only if, after 'diligent search,' the plaintiff 'can find neither the defendant, nor defendant's last and usual abode, nor any agent upon whom service may be made.' " (quoting Mass. R. Civ. P. 4(d)(1)).

10. Here, it has been proven that Defendants are actively evading service of process attempts. Plaintiffs' attempts to serve process on Defendants have been sufficiently diligent to warrant an alternative method of service of process on them.

11. Where a plaintiff, on his own or through a process server, makes numerous unsuccessful attempts to effectuate service of process on a defendant, an alternative method of service may be permissible under Massachusetts law. *See Wallenstein v. Ballou, No. 979,* 1996 WL 448239, at *1 )Mass. App. Div. Aug. 5, 1996). For example, in *Wallenstein,* the court upheld service by publication where the plaintiff mailed a demand letter to the defendant, "defendant did not return numerous phone calls that were made to a phone number where she had an answering machine[,] ... [and] defendant could not be contacted at her last known address

4

by a constable." *Id.*

12. In this case, Plaintiffs have made such efforts with respect to both Defendants. Plaintiffs even sought a waiver of service of process under Federal Rule of Civil Procedure 4(d), repeatedly attempted service at the addresses and left messages to call All State Constables, Inc. to effectuate in-hand service on multiple occasions. Therefore, an alternative method of serving process on Defendants is warranted. *See Wallenstein,* 1996 WL 448239, at *1.

13. Alternative service via abode is reasonably calculated to provide actual notice as both Defendants reside at the addresses alleged in the Complaint and in the letters sent on September 4, 2025. Finally, alternative service avoids delays and substantial prejudice to Plaintiffs.

14. For the foregoing reasons, Plaintiffs respectfully request that the Court grants its Motion for Leave to Effect Alternative Service, and enter an order authorizing Plaintiffs to serve both Defendants by delivering the Summons and Complaint to their abode. Finally, Plaintiffs request that the Court Order that Defendants pay for the attorneys' fees and costs associated with this Motion and costs associated with service and will submit another Motion to the Court.

## **RELIEF REQUESTED**

**WHEREFORE**, FireFox Farm LLC and Christopher J. Somma respectfully requests that this Honorable Court:

        A.    Plaintiffs' Motion for Leave to Effect Alternative Service;

        B.    Enter Orders of Notice allowing Plaintiffs to serve Defendants via abode service;

        C.    Allow Plaintiffs to submit a Motion for Attorneys' Fees and Costs Associated with Service of Process on Defendants; and

        D.    Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

FIREFOX FARM LLC and CHRISTOPHER J. SOMMA

By their attorneys,

Dated: October 12, 2025

/s/ *Christopher J. Somma*
Christopher J. Somma (BBO # 624988)
SOMMA LAW PLLC
130 Mill Road
Durham, New Hampshire 03824
Tel. 603.733.0092
Christopher@sommalawpllc.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Motion for Leave to Effect Alternative Service will be mailed to Defendants on October 14, 2025.

Dated: October 12, 2025

*/s/ Christopher J. Somma*
Christopher J. Somma (BBO # 624988)
SOMMA LAW PLLC
130 Mill Road
Durham, NH 03824
Telephone: 603.733.0092
Email: Christopher@sommalawpllc.com

6