UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Fire Fox Farm LLC and Christopher J. Somma,
    Plaintiffs,
v.                             Civil Action No. 1:25-cv-12176-RGS

Shawn Walker and Julie Taylor,
    Defendants.

JOINT MOTION FOR COMPREHENSIVE PROTECTIVE ORDER AND TO STRIKE INFLAMMATORY LANGUAGE

Defendants Shawn Walker and Julie Taylor, proceeding pro se, respectfully move this Court pursuant to Fed. R. Civ. P. 26(c), Rule 12(f), and the Court's inherent authority for entry of a comprehensive Protective Order governing litigation-related conduct by Plaintiffs Fire Fox Farm LLC, Christopher J. Somma, and aligned non-party Joshua Johnson, and to strike improper and inflammatory allegations.

This Motion seeks a comprehensive protective order addressing cross-case discovery abuse, witness contamination, and extrajudicial disparagement, and reflects Plaintiffs' recent filings, including their acknowledgment that Joshua Johnson is a member of Fire Fox Farm LLC.

Good cause exists because Plaintiffs and individuals aligned with them have repeatedly advanced and circulated disputed, unadjudicated accusations as established fact, including allegations of trespass, service evasion, and statements that Mr. Somma "hit" Defendant Walker. No criminal charges were filed, and no no-trespass orders were in effect at the time of the alleged incident. Defendant Walker disputes the "hit" characterization and did not state that Mr. Somma "hit" her. These narratives have been repeated extrajudicially and echoed in pleadings in a manner that is prejudicial, unnecessary to the legal issues presented, and reasonably likely to influence witnesses or third parties.

While Rule 12 motions remain pending in this action, Plaintiffs served a Request for Production in a parallel proceeding seeking broad categories of communications and materials that directly overlap the subject matter of this case, including communications involving Defendants. This discovery seeks information that would not be available in this Court at this stage and operates as an end-run around this Court's control of discovery. The Request is attached as Exhibit A solely to demonstrate the existence and scope of overlapping discovery sought outside this Court's supervision.

Plaintiff Somma is a licensed attorney litigating against two pro se defendants, creating a heightened risk of intimidation or misuse of litigation process. Plaintiffs' own Rule 7.1 disclosure confirms that Joshua Johnson is a member of Fire Fox Farm LLC, and his conduct is therefore properly treated as aligned with Plaintiffs for purposes of regulating litigation-related communications.

Defendants seek only narrow, procedural protections necessary to preserve the integrity of this proceeding. Defendants do not seek adjudication of the merits.

Respectfully submitted,

_/s/ Shawn Walker_

Shawn Walker
Defendant, pro se
1 Willard Circle
Andover, MA 01810
Sewalker920@gmail.com
978-314-7691


_/s/ Julie Taylor_

Julie Taylor
Defendant, pro se
140 Lincoln Road, Apt. 312
Lincoln, MA 01773
horseandriderbnb@gmail.com
978-460-2992

Date: 12/22/25

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Fire Fox Farm LLC and Christopher J. Somma,
    Plaintiffs,
v.                                    Civil Action No. 1:25-cv-12176-RGS

Shawn Walker and Julie Taylor,
    Defendants.

JOINT MEMORANDUM OF LAW IN SUPPORT

I. Legal Standards

Rule 26(c) authorizes protective orders to prevent annoyance, embarrassment, oppression, or undue burden. Rule 12(f) permits the Court to strike redundant, immaterial, impertinent, or scandalous matter. Courts also possess inherent authority to regulate litigant conduct, protect witnesses, and prevent circumvention of discovery rules through parallel proceedings.

II. Good Cause for Comprehensive Protective Relief

A. Cross-Case Discovery Circumvention

Plaintiffs have served discovery in a separate action seeking broad categories of communications and information overlapping directly with the issues in this case, including communications involving Defendants.

B. Extrajudicial Disparagement and Inflammatory Narratives

Plaintiffs and aligned individuals have repeatedly characterized Defendants as trespassers, service evaders, and have circulated statements that Mr. Somma "hit" Defendant Walker. These accusations remain disputed and unadjudicated. Presenting them as established fact outside the courtroom risks reputational harm, witness contamination, and unfair prejudice.

C. Alignment of Joshua Johnson

Plaintiffs' Rule 7.1 disclosure identifies Joshua Johnson as a member of Fire Fox Farm LLC. His conduct is therefore properly regulated as aligned with Plaintiffs for purposes of Rule 26(c) relief.

D. Attorney–Pro Se Imbalance

Plaintiff Somma's status as a licensed attorney litigating against pro se defendants further supports narrowly tailored protective measures to prevent intimidation or coercive leverage.

III. Narrow Tailoring

The requested relief is limited to written communications, restrictions on extrajudicial statements and cross-case discovery misuse, and striking improper inflammatory allegations already challenged in Defendants' Renewed Joint Motion to Dismiss.

IV. Conclusion

For the foregoing reasons, the Court should grant the Motion.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Fire Fox Farm LLC and Christopher J. Somma,
    Plaintiffs,
v.                                Civil Action No. 1:25-cv-12176-RGS

Shawn Walker and Julie Taylor,
    Defendants.

## JOINT PROPOSED COMPREHENSIVE PROTECTIVE ORDER

Upon consideration of Defendants' Joint Motion for Comprehensive Protective Order and to Strike Inflammatory Language, and for good cause shown, IT IS ORDERED:

1. All communications between Plaintiffs, Plaintiff Somma, aligned non-party Joshua Johnson, and Defendants shall occur only in writing via ECF or email copied to all parties.

2. Plaintiffs and Mr. Johnson shall refrain from direct personal contact with Defendants outside formal litigation channels.

3. Plaintiffs and Mr. Johnson shall not engage in harassment, intimidation, coercion, or conduct reasonably perceived as such.

4. Plaintiffs and Mr. Johnson shall refrain from making extrajudicial statements characterizing disputed allegations — including allegations of trespass, service evasion, or statements that Mr. Somma "hit" Defendant Walker — as established fact.

5. Plaintiffs and Mr. Johnson shall not seek to obtain discovery related to this action through parallel proceedings or third parties while Rule 12 motions are pending, except by order of this Court.

6. STRIKE improper and inflammatory allegations under Rule 12(f), as previously requested in Defendants' Renewed Joint Motion to Dismiss.

7. This Order applies to aligned non-party Joshua Johnson.

8. Violations of this Order may be addressed by appropriate motion.

SO ORDERED.

_____

Richard G. Stearns

United States District Judge

Date: _____

## CERTIFICATE OF SERVICE

I hereby certify that on \_\_December 22, 2025\_\_ a true and correct copy of the foregoing Joint Motion in Support of Entry of Protective Order and the accompanying Proposed Joint Protective Order were served upon counsel of record by first-class United States mail, postage prepaid.

*/s/ Shawn Ellen Walker*

Shawn Ellen Walker

Defendant, pro se


*/s/ Julie Taylor*

Julie Meader (also known as Julie Taylor)

Defendant, pro se