**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| FIREFOX FARM LLC and CHRISTOPHER J. SOMMA,<br>　　　　　　　Plaintiff,<br><br>v.<br><br>SHAWN WALKER and JULIE MEADER,<br><br>　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)　Civil Action No. 1:25-cv-12176<br>)<br>)<br>)<br>) |

**PLAINTIFF'S SUR-REPLY PURSUANT TO COURT ORDER**

Plaintiff, Christopher J. Somma ("Mr. Somma"), by and through his attorneys, Somma Law PLLC, files this Sur-Reply and in support thereof states as follows:

1.　Equity eschews mechanical rules, depends on flexibility and demands consideration of all the facts and circumstances.  "As an equitable doctrine, judicial estoppel should apply only when the plaintiff's conduct is egregious enough that the situation demands equitable intervention." *Slater v. v. United States Steel Corporation,* 871 F.3d 1174, 1187 (11th Cir. 2017).  This approach "reduces the likelihood that an otherwise liable civil defendant will receive an unjustified windfall or that innocent creditors will be harmed." *Id.*  Judicial Estoppel does not apply here as there was no egregious conduct and Defendants would receive a windfall.

2.　Mr. Somma has approximately 18+ months remaining in his Chapter 13 Bankruptcy case including plan payments and the final accounting/administration.  Importantly, a discharge has not been entered and this case arose post-petition and post-confirmation.  Mr. Somma disputes that a bankruptcy amendment is necessary but filed one regardless on March 18, 2026, thereby mooting Defendants' arguments in favor of judicial estoppel.

3.　In *New Hampshire v. Maine,* the Supreme Court identified three factors that "typically inform the decision whether to apply the doctrine [of judicial estoppel] in a particular case." 532 U.S. 742, 750 (2001).  First, the party's position in the later judicial proceeding must

be "clearly inconsistent" with the position asserted in the earlier proceeding. *Id.* Second, the party must have succeeded in persuading a court to accept the party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled. *Id.* Third, is whether the party asserting the inconsistent position "would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.*

First, the positions of Mr. Somma in both this case and the bankruptcy are consistent. When a Chapter 13 Bankruptcy Petition is filed, all of the assets of the debtor must be listed and submitted to the Bankruptcy Court.[1]  Proceeds from a lawsuit, like the debtor's income, are property of the estate.  However, nothing in the Bankruptcy Code or Bankruptcy Rules requires a Chapter 13 debtor to amend his schedules to disclose a post-petition cause of action.  As this case is pending, Plaintiff is allowed to amend his schedules as a matter of right under Bankruptcy Rule 1009(a) which was done. *See* Doc. 105, Docket No. 22-1011-KB.

Second, in determining an unfair advantage, Courts look to whether the Debtor received his discharge or obtained confirmation of the Chapter 13 Plan without subjecting his recovery to his creditors.[2]  In sum, the motive is to keep the money for himself at the expense of his creditors. Courts that include the acceptance factor as an element of judicial estoppel conclude that the bankruptcy court's issuance of a discharge or confirmation of his Chapter 13 Plan is sufficient acceptance of the debtor's position.[3] The reasoning is that, in granting a discharge or confirming a

---

[1] Fed. R. Bankr. P. 1007(h) requires a disclosure of interests a debtor acquires after the filing of the petition only when the property becomes property of the estate under 11 U.S.C.A. § 541(a)(5) which applies to the postpetition acquisition of certain types of property; causes of action are not among them.

[2] *Van Horn v. Martin,* 812 F.3d 1180 (8th Cir. 2016); *Jones v. Bob Evans Farms, Inc.,* 811 F.3d 1030 (8th Cir. 2016); *U.S. ex rel. Long v. GSDMIdea City, L.L.C.,* 798 F.3d 265 (5th Cir. 2015); *Kimberlin v. Dollar General Corp.,* 520 Fed. Appx. 312 (6th Cir. 2013); *White v. Wyndham Vacation Ownership, Inc.,* 617 F.3d 472 (6th Cir. 2010); *Eastman v. Union Pacific R. Co.,* 493 F.3d 1151 (10th Cir. 2007); *Burnes v. Pemco Aeroplex, Inc.,* 291 F.3d 1282 (11th Cir. 2002) (overruled by, *Slater v. United States Steel Corporation,* 871 F.3d 1174, 1180, (11th Cir. 2017)) (en banc).

[3] E.g., *Jones v. Bob Evans Farms, Inc.,* 811 F.3d 1030 (8th Cir. 2016); *White v. Wyndham Vacation Ownership, Inc.,*

plan, the Bankruptcy Court relied upon representations by the Debtor made in his schedules that the cause of action now being prosecuted did not exist.  Confirmation occurred three years before this lawsuit was filed and a Chapter 13 discharge, if received at all, is over a year away.

Third, unfair prejudice to the opposing party or unfair advantage does not easily apply in the bankruptcy context.  A defendant who was not a creditor or a party in interest in the bankruptcy case cannot establish any detriment because the debtor's failure to disclose a cause of action cannot impact them.  Indeed, if judicial estoppel applies to eliminate the cause of action, the Defendants escape potential liability and achieve a substantial benefit at the expense of unsecured creditors. The touchstone is whether the debtor received a benefit.  This case is in its beginning stages and no benefits have been received and it is uncertain, even if judgment is obtained, is collectible.

Finally, the debtor's right to "possess" a cause of action gives him the right to prosecute it whereas a trustee does not possess any other property other than the plan payments he receives from the debtor[4] unless the confirmed plan grants the trustee the authority to pursue the litigation.[5] Here, it does not.  Chapter 13 trustees administer thousands of cases, many which involve litigation (pending or contemplated) and placing the responsibility on the trustee would impose a heavy burden[6] not intended by Bankruptcy Code.  Significantly, the trustee is not involved in the debtor's daily life, only takes plan payments and does not take possession of assets.[7]  Nor should he here. The Chapter 13 Trustee is not the real party in interest rendering Fed. R. Civ. P. 17  inapplicable.

---

617 F.3d 472(6th Cir. 2010); *Cannon-Stokes v. Potter*, 453 F.3d 446 (7th Cir. 2006).

[4] *See Olick v. Parker & Parsley Petroleum Co.,* 145 F.3d 513, 516 (2d Cir. 1998). *Cf. In re Richardson*, 283 B.R. 783 (Bankr. D. Kan. 2002); *In re Frausto*, 259 B.R. 201, 211 (Bankr. N.D. Ala. 2000).

[5]  *In re Sherman*, 13 B.R. 259 (Bankr. D. R.I. 1981).

[6] *In re Bowker*, 245 B.R. 192, 200, 35 Bankr. Ct. Dec. (CRR) 186 (Bankr. D. N.J. 2000); *see also Jackson v. Marlette (In re Jackson),* 317 B.R. 573 (2004).

[7] *In re Griner*, 240 B.R. 432, 436 (Bankr. S.D. Ala. 1999); *see also Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 515 (2d Cir. 1998) ("[T]he reality of a filing under Chapter 13 is that the debtors are the true representatives of the estate and should be given the broad latitude essential to control the progress of their case.").

**WHEREFORE**, Christopher J. Somma respectfully requests that this Honorable Court:

    A.     Deny Defendants' requested relief;

    B.     Grant such other and further relief as the Court deems just and proper.


Respectfully submitted,

CHRISTOPHER J. SOMMA

By their attorneys,


Dated: March 19, 2026

*/s/ Christopher J. Somma*
Christopher J. Somma (BBO # 624988)
SOMMA LAW PLLC
130 Mill Road
Durham, New Hampshire 03824
Tel. 603.733.0092
Christopher@sommalawpllc.com

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on March 19, 2026, with a copy of this document via the Court's CM/ECF system. Any other counsel of record or party will be served by electronic mail and/or first class mail on this same date.


Dated: March 19, 2026

*/s/ Christopher J. Somma*
Christopher J. Somma (BBO # 624988)
SOMMA LAW PLLC
130 Mill Road
Durham, NH 03824
Tel. 603.733.0092
Christopher@sommalawpllc.com