UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-cv-12176-RGS

FIREFOX FARM LLC and CHRISTOPHER J. SOMMA

v.

SHAWN WALKER and JULIE TAYLOR

MEMORANDUM AND ORDER GRANTING IN PART AND DENYING
IN PART PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION
OF DOCUMENTS, AND DENYING PLAINITFFS' MOTIONS
FOR PROTECTIVE ORDERS

June 29, 2026

STEARNS D.J.

Plaintiffs FireFox Farm LLC and Christopher Somma filed various motions related to the ongoing fact discovery in this case, which closes October 13, 2026, *see* [Dkt. # 24].[1]   For the following reasons, the court grants in part and denies in part FireFox Farm's motion to compel discovery. Pl.'s Mot. to Compel [Dkt. # 75].  In addition, for the following reasons, the court denies plaintiffs' motions for protective orders.  Somma's Mot. for

---

[1] The court has ordered the parties to limit their requests to 30 interrogatories, 30 requests for admissions, and 30 document requests, unless they receive permission from the court to serve additional requests. *Id.*

Protective Order [Dkt. # 76]; Pls.' Mot. for Protective Order [Dkt. # 80];

FireFox Farm's Mot. for Protective Order [Dkt. # 82].

## FACTUAL BACKGROUND

This court entered a protective order (the Protective Order) in May of

2026, which applies to all discovery in this case.[2]  Later that month, FireFox

Farm LLC filed a motion to compel defendant Julie Taylor (also known as

Julie Meader) to produce documents that it requested from her in the course

of fact discovery.  [Dkt. # 75].   Somma subsequently filed a motion asking

the court for an additional protective order, arguing that various discovery

requests by Taylor are irrelevant.   Somma's Mem. in Supp. of Mot. for

Protective Order [Dkt. # 76-1] at 5-9.  In June of 2026, plaintiffs jointly filed

a motion asking the court for an additional protective order, [Dkt.  #80],

---

[2] The Order requires the following:

> Documents and information that either party in good faith believes is confidential may be produced in discovery with the designation "Confidential Pursuant to the Courts Default PO," and until such a time the designation is altered or removed by the parties' agreement or by court order, a so-designated document may only be accessed by the parties' outside counsel and the court and their personnel.

[Dkt. # 69].  Additionally, this court ordered that, "to the extent that a party seeks to withhold requested discovery materials on the grounds of privilege, the party must submit those materials to the court for in-camera review within seven (7) days of objecting to the discovery request, and the court will make a determination." [Dkt. # 67].

arguing that such a motion was necessary as a result of defendant Shawn Walker's "excessive" use of definitions in discovery requests. Pls.' Mem. in Supp. of Mot. for Protective Order [Dkt. 80-1] at 1. Finally, plaintiff FireFox Farm filed a motion asking the court to order that FireFox Farm is not required to respond to various discovery requests served by Taylor. FireFox's Mem. in Supp. of Mot. for Protective Order [Dkt. # 82-1] at 4-8.

## LEGAL STANDARD

As this court explained in a previous Order, *see* [Dkt. # 77], the scope of discovery is broad:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Critically, discovery serves "as a device . . . to narrow and clarify the basic issues between the parties, and . . . as a device for ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues." *Hickman v. Taylor*, 329 U.S. 495 (1947). Parties may seek information on "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case . . . . Discovery is not limited to issues raised by the

3

pleadings, for discovery itself is designed to help define and clarify the issues."[3] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 at 351(1978). A party may move for the court to compel discovery if the opposing party "fails to produce documents or fails to respond that inspection will be permitted— or fails to permit inspection . . ." Fed. R. Civ. P. 37(a)(3). Additionally, "a party may move for a protective order," which the court may grant "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." Fed. R. Civ. P. 26(c).

## DISCUSSION

### FireFox Farm's Motion to Compel Discovery [Dkt. # 75]

The court grants in part and denies in part FireFox's Farm's motion to compel Taylor to produce various documents.[4] At issue are Taylor's

---

[3] In discovery, "the party seeking information . . . has the burden of showing its relevance," and "[c]onversely, '[w]hen a party resists the production of evidence, it bears the burden of establishing lack of relevancy or undue burden.'" *Viscito v. Nat'l Plan. Corp.*, 2-10, WL 5318228, at *1 (D. Mass. 2019), quoting *Autoridad de Carreteras y Transportacion v. Transcore Atl., Inc.*, 319 F.R.D. 422, 427 (D.P.R. 2016).

[4] FireFox Farm served production requests on Taylor on March 8, 2026. Taylor served her responses on April 7, 2026, Pl.'s Mem. in Supp. of Mot. to Compel [Dkt. # 75-1] at 2, which included both objections to requests and assertions that she would produce various pieces of requested information, Pl.'s Ex. B [Dkt. 75-3]. FireFox Farm alleges that Taylor has yet to produce any documents that it requested in discovery.

responses to FireFox Farm's production requests numbered 1-2, 4-8, 10, 13, 23, and 26.[5]  Pl.'s Mem. in Supp. of Mot. to Compel [Dkt. # 75-1] at 1.

*Production Requests 1-2, 4, 10, 13, 26*

The court denies the motion to compel the production of documents requested in FireFox Farm's requests numbered 1-2, 4, 10, 13, and 26 because Taylor has stated that she will produce the requested materials.  *See* Pl.'s Mem. in Supp. of Mot. to Compel at 5-9.  Specifically, she states in her responses to these discovery requests that she will make relevant materials "available for inspection and copying at a reasonable time and place to be coordinated by the parties."  *Id.* at 5-9.

Taylor must timely produce these materials within the next 10 days, either in person as described in her response, or by sending physical or electronic copies to FireFox Farm.  Additionally, the court reminds the parties that, pursuant to this court's May 12, 2026 order, the parties may not withhold requested discovery on the grounds of privilege unless they timely submit those materials to the court for in-camera review with an explanation as to why privilege applies.  *See* [Dkt. # 67].

*Production Requests 5-8*

---

[5] The motion further requests that the court sanction Taylor, Pl.'s Mot. to Compel at 1, which the court denies.

The court allows FireFox Farm's motion to compel production of the documents it seeks in its production requests numbered 5-8.  However, the court views these production requests, as written, as impermissibly broad because they seek "all Communication" or "all Communication and electronic data," without a satisfactory explanation for why this scope is necessary.  *See* Pl.'s Mem. in Supp. of Mot. to Compel at 5-8.  As a result, Taylor is ordered to respond to these requests but may limit her production of documents to information that is relevant to this case. (The court notes that the relevant portion of FireFox Farm's production request number 5 is duplicative of its production request number 4, for which Taylor has stated she will produce documents.  Similarly, the relevant portion of production request number 8 is duplicative of production request number 6.)

*Production Request 23*

The court allows the motion to compel production for request number 23, *id. at* 10, because the requested communications are limited to materials that are relevant to the case.[6]

---

[6] This production request references FireFox Farm's interrogatory number 13, which the parties have not provided to the court.  However, FireFox Farm characterizes the interrogatory as asking Taylor to produce "all communications [from] August 2, 2025 through August 4, 2025 regarding the events that transpired at Fire Fox Farm LLC."  Pl.'s Mem. at 11. The motion to compel is granted to the extent that FireFox Farm's description of the interrogatory in its motion is accurate.

**Somma's Motion for Protective Order [Dkt. # 76]**

Somma asks the court for a protective order stating that he is not obligated to respond to the following discovery requests: Taylor's requests for production numbered 1-5, 8-15, 18, and 20-22, Taylor's requests for admissions numbered 20-22, and Taylor's interrogatories numbered 12, 14-17 and 30. Somma's Mot. for Protective Order at 4.  The court denies the motion.

Somma asks the court for this order on two grounds.  First, he argues that certain discovery requests, which relate to an ongoing Chapter 13 bankruptcy proceeding in which he is the debtor, are not relevant to the case. Somma's Mem. in Supp. of Mot. for Protective Order at 5.  He states that Taylor seeks irrelevant materials related to the bankruptcy proceeding in order "embarrass him in this [c]ourt and publicly." *Id.*  Second, Somma argues that certain discovery requests, in which Taylor seeks documents related to Somma Law PLLC are impermissible because Somma Law PLLC is not a party to the case. *Id.* at 7.

*Relevance Issues*

Somma asks the court for a protective order with respect to Taylor's production requests numbered 1-5, her requests for admission numbered 20-22, and her interrogatories numbered 12, 14-17, and 30 because those

materials are irrelevant and related to his bankruptcy proceeding. Taylor, however, argues that Somma's "bankruptcy and related financial circumstances also bear on financial incentive, credibility, damages computation, valuation, allocation, and causation." Def.'s Opp'n to Somma's Mot. [Dkt. # 78] at 10. The court agrees that the information at issue may plausibly relate to the issue of damages in this case because the alleged damages include financial harm to Somma and FireFox Farm.[7] As a result, the court denies Somma's motion for a protective order with respect to these materials.

*Party Issues*

---

[7] Specifically, in the Amended Complaint, plaintiffs allege the following damages:

> The tortious interference claims resulted in three boarders breaching their contracts with the farm [FireFox Farm] . . . . The conduct of Defendants have resulted in a second lawsuit filed in the State of New Hampshire in the Strafford County Superior Court in a case captioned FireFox Farm LLC et al. v. Holly Vaccarro Bonanno . . . Defendants have disparaged and defamed Mr. Somma and have caused both reputational harm to him personally as a lawyer and as the owner/proprietor of FireFox Farm in an amount to be determined by this Court . . . Defendants have falsely claimed to the Chelmsford Police Department, third parties and in public that Mr. Somma hits women causing significant damage to the reputation of FireFox Farm . . .

Am. Compl. [Dkt. # 11] ¶¶ 185-191.

Somma further asks the court to order that he is not obligated to comply with Taylor's production requests numbered 8-15, 18, and 21-22. He argues that Somma Law PLLC is not a party to the case such that Taylor cannot request its records. Under Fed. R. Civ. P. 34, "[a] party may serve on any other party a request . . . to produce and permit the requesting party or its representative to inspect [or] copy . . . items in the responding party's possession, custody, or control."[8] As a result, while Taylor may not seek discovery from Somma Law PLLC, she may ask Somma for documents that he has in his possession, custody, or control to the extent they are relevant to the case. Therefore, the court denies Somma's request for an additional protective order with respect to these documents.

**Plaintiffs' Joint Motion for Protective Order [Dkt. # 80].**

The court denies the motion filed by FireFox Farm and Somma asking the court for an additional protective order. [Dkt. # 80]. Plaintiffs bring the motion on the grounds that Walker's discovery requests include the "excessive and abusive use of definitions." Pls.' Mem in Supp. of Mot. for Protective Order at 2. Specifically, FireFox Farm and Somma state that Taylor has included over 40 definitions in each of the interrogatories and

---

[8] Under Rule 34, "control" can include "legal right and the practical ability to obtain the documents." *Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co.*, 201 F.R.D. 33, 39 (D. Mass. 2001).

requests for production that she served on each of the two plaintiffs.  The court, however, does not judge this use of definitions to violate the discovery requirements set forth in the Federal Rules of Civil Procedure.

**FireFox Farm's Motion for Protective Order [Dkt. # 82]**

FireFox Farm seeks a protective order stating that it is not obligated to respond to the following discovery requests served by Taylor: production requests numbered 1-6, 14-16, 18-19, and 23-27, requests for admission 10-11, 16-17, 21-22, 27, and 30, as well as interrogatories 3-4, 16-19, and 23-29. FireFox Farm's Mot. for Protective Order at 4.  For the following reasons, the court denies the request.

*Relevance Issues*

FireFox Farm argues that the discovery materials at issue in this motion are "irrelevant to the causes of action in this case."  FireFox Farm's Mem. in Supp. of Mot. for Protective Order at 1.  Specifically, FireFox Farm notes that Taylor requests wide-ranging information, as well as specific details, regarding FireFox Farm's finances and business operations.  The topics covered in Taylor's discovery requests include FireFox Farm's bank statements, tax returns, insurance, bills, and fund transfers, as well as information about specific horses owned by FireFox Farm.  *Id.*  Taylor, however, argues that this information is relevant to the damages plaintiffs

seek because the Amended Complaint describes "ongoing and future [financial] damages" to FireFox Farm.  Def.'s Opp'n to FireFox's Mot. for a Protective Order at 12-13.

Plaintiffs' Amended Complaint includes charges of tortious interference, defamation, and commercial disparagement against Taylor, resulting in financial damages, *see* note 7, *supra.* As a result, the information requested by Taylor about FireFox Farm's business operations and finances may fall within the broad scope of discovery permitted by Fed. R. Civ. P. 26.[9]

*Breadth Issues*

FireFox Farm argues that production requests numbered 23-25, and 27, which seek financial documents, are impermissibly broad because they are "unlimited in scope and duration."  FireFox Farm's Mem. in Supp. of Mot. for Protective Order at 5.   The court agrees with respect to Taylor's requests for production numbered 23-25.  As a result, Somma may limit his

---

[9] Additionally, FireFox Farm states that Taylor's production request 14 seeks a confidential purchase and sale agreement for a horse, the disclosure of which "would violate the terms and conditions of its contract with the seller."  FireFox Farm's Mem. in Supp. of Mot. for Protective Order at 6. The court notes that FireFox Farm may designate this document as confidential, pursuant to the Protective Order. [Dkt. # 69].  Alternatively, if FireFox Farm seeks to withhold the document from discovery, the court will permit FireFox Farm to submit the document to the court for in-camera review, and the court will make a determination if this is appropriate.

responses to the relevant time period. Taylor's production request number 27, however, is not impermissibly broad.

*Party Issues*

FireFox Farm argues that Taylor's requests for information regarding Somma Law PLLC and the nonprofit Shall Be Trakehners for Life, Inc. are impermissible because they are not parties to the case.  FireFox Farm's Mem. in Supp. of Mot. for Protective Order at 1-2.  For example, Somma argues that request for admission number 27 – which asks whether Somma is the resident agent for the nonprofit organization Shall Be Trakehners for Life, Inc. – is impermissible because "FireFox Farm LLC cannot answer questions on its [the organization's] behalf." *Id.* at 6.  While FireFox Farm should not answer on behalf of other entities, it must answer the discovery requests at issue to the extent of its own knowledge.  Therefore, the motion is denied.

## ORDER

For the forgoing reasons, the court grants in part and denies in part FireFox Farm's motion to compel discovery, and denies plaintiffs' motions for additional protective orders in this case.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

12