**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| FIREFOX FARM LLC and CHRISTOPHER J. SOMMA,<br><br>Plaintiff,<br><br>v.<br><br>SHAWN WALKER and JULIE MEADER,<br><br>Defendants, | Civil Action No. 1:25-cv-12176 |

**PLAINTIFFS' MOTION TO IMPOUND**

Plaintiffs FireFox Farm LLC and Christopher J. Somma (collectively, "Plaintiffs"), pursuant to D. Mass. L.R. 7.2, respectfully move to impound the following filing materials: (1) Plaintiffs' Motion to File Reply to Defendants' Opposition to Plaintiffs' Several Motions for Protective Orders and Interim Relief; (2) Memorandum of Law in Support of Plaintiffs' Motion to File Reply to Defendants' Opposition to plaintiffs' Several Motions for Protective Orders and Interim Relief; (3) Exhibit A – Christopher J. Somma's Proposed Reply to Defendants' Opposition for Protective Orders; and (4) Exhibit B – FireFox Farm LLC's Reply to Defendants' Opposition for Protective Orders (together "Reply Documents"). In support thereof Plaintiffs state as follows:

1. On September 18, 2026, this Court entered an Order (Dkt. 126) granting a Motion to Impound (Dkt. 123).

2. The Reply Documents are replies to Oppositions filed under seal in relation to the Motion to Impound.

3. The Reply Documents each contain information subject to the Order on the Motion to Impound.

4. The materials for which Plaintiffs seek impoundment are not ordinary legal argument or routine discovery papers. They reproduce, quote, or necessarily describe remote criminal-history information and graphic, unadjudicated allegations from an unrelated Vermont investigation. Publicly filing the allegations before the Court determines whether they are relevant, authentic, nonhearsay or subject to a hearsay exception, and otherwise admissible would give the allegations the very public platform—and apparent legitimacy—that Plaintiffs' emergency motion asks the Court to prevent.

5. As stated previously, the harm from public disclosure is immediate and irreversible. A later ruling excluding the material, or a later order sealing or redacting the filing, cannot retrieve the disclosure or restore the privacy interests already lost. Public filing would also create the substantial risk that remote allegations will be treated by the public as established facts notwithstanding the absence of an adjudication, thereby inflicting avoidable reputational harm on Mr. Johnson and potentially on other persons referenced in the materials.

6. Impoundment is also necessary to protect the integrity of the Court's eventual evidentiary decision. Plaintiffs seek an order preventing Defendants from placing these allegations into the litigation record through a deposition, filing, or exhibit before the Court determines whether a particular item can be used. If Plaintiffs are required to place the same allegations on the public docket merely to explain why they should not be used, the requested protective relief will be largely defeated before the Court can decide the motion. The public filing itself would magnify the Rule 403 dangers of unfair prejudice, confusion, and collateral litigation that the underlying motion identifies.

7. The request is narrowly tailored in subject matter, duration, and purpose.

8. D. Mass. L.R. 7.2 requires a motion to impound to state either the earliest date on which impoundment may be lifted or, supported by good cause, why the material should remain impounded until further order. D. Mass. R. 7.2. Good cause supports impoundment until further order here because the Court cannot meaningfully restore confidentiality after public disclosure, and the least restrictive permanent solution—whether tailored redactions or continued impoundment—depends on the Court's review of the specific materials.

9. Plaintiffs recognize the presumption of public access to judicial records. But that presumption is qualified and may yield to sufficiently important, particularized countervailing interests. *Siedle v. Putnam Investments, Inc.,* 147 F.3d 7, 10-11 (1st Cir. 1998). As stated previously, the combination of unadjudicated allegations, third-party privacy interests, the disputed evidentiary status of the materials, and the impossibility of undoing public disclosure warrants temporary, document-specific impoundment while the Court determines the proper scope of public access

10. Plaintiffs incorporate by reference the Declaration of Christopher J. Somma in support of Plaintiffs' Emergency Motion for Protective Order and Interim Relief.

**CERTIFICATION UNDER LOCAL RULE 7.1(a)(2)**

Defendants filed their Opposition to plaintiffs' Several Motions for Protective Orders and Interim Relief Friday, October 2, 2026 in the afternoon. Due to the emergency nature of the original requests and due to time, replied were drafted for both Plaintiffs overs the weekend. Due to time, Counsel requested to confer with Defendants on Sunday evening and identified the time issues specifically stating that if a response is not received then those Motions identified in this pleadings would be filed with the Court on Monday, October 5, 2026 at 8:00 a.m. When filing,

the Court requested that Plaintiffs file a Motion to Impound these materials. Counsel requested the assent of the Boston College Federal Pro Se Law Clinic as they are now assisting Defendants with this case but as of the filing of this Motion to Impound no response has been received. In the event a response is received, Counsel will notify the Court.

---

Respectfully submitted,

FIREFOX FARM LLC and CHRISTOPHER J. SOMMA

By its attorneys,

Dated: October 5, 2026

*/s/ Christopher J. Somma*

Christopher J. Somma (BBO # 624988)
SOMMA LAW PLLC
130 Mill Road
Durham, New Hampshire 03824
Tel. 603.733.0092
Christopher@sommalawpllc.com

**CERTIFICATE OF SERVICE**

I hereby certify that this pleading was served via email to the Defendants in this case, to the Boston College Federal Pro Se Clinic and served via ECF.

Dated: October 5, 2026

*/s/ Christopher J. Somma*

Christopher J. Somma (BBO # 624988)
SOMMA LAW PLLC
130 Mill Road
Durham, NH 03824
Tel. 603.733.0092
Christopher@sommalawpllc.com